UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
(Filed Electronically)

**CRIMINAL ACTION NO. 3:25-CR-36-DJH**

**UNITED STATES OF AMERICA,**                                                                 **PLAINTIFF,**

**vs.**

**ALVARO MANDUJANO-RODRIGUEZ,**                                                  **DEFENDANT.**

**DEFENDANT'S SENTENCING MEMORANDUM**

Comes the Defendant, Alvaro Mandujano-Rodriguez ("Defendant" or, in the alternative, "Mr. Mandujano-Rodriguez"), by counsel, and respectfully requests this Honorable Court to consider the following factors and sentence Mr. Mandujano-Rodriguez to a period of twelve months and one day of incarceration. In support, the Defendant states as follows:

**I. INTRODUCTION**

The Defendant entered a plea of guilty to the two counts contained within the Indictment. Mr. Mandujano-Rodriguez pleaded guilty to one count of Possession of a Firearm by a Prohibited Person and one count of Re-Entry After Deportation/Removal. Mr. Mandujano-Rodriguez entered a "B" guilty plea on May 8, 2025. DN 18. Mr. Mandujano-Rodriguez is scheduled to be sentenced on July 31, 2025.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

## II. PRE-SENTENCE REPORT

**Objections**

There are no objections to the Final Pre-Sentencing Report (PSR). DN 22.

## III. STATUTORY SENTENCING RANGE

Mr. Mandujano-Rodriguez has pleaded guilty to Possession of a Firearm by a Prohibited Person, which carries a penalty of not more than fifteen years imprisonment, a fine of not more than $250,000, and not more than three years supervised release. Mr. Mandujano-Rodriguez has also pleaded guilty to Re-Entry After Deportation/Removal, which carries a penalty of not more than two years imprisonment, a fine of not more than $250,000, and not more than one year of supervised release.

## IV. ADVISORY GUIDELINE RANGE

The Pre-Sentence Report provides a Total Offense Level of 19. DN 22, at ¶¶36 and 66. Mr. Mandujano-Rodriguez's criminal history falls within Criminal History Category I. *Id.* at ¶¶44 and 66. A Final Offense Level 19 and Criminal History Category I results in an advisory Guideline range of 30-37 months. *Id.* at ¶66.

## V. SENTENCING LAW

The advisory sentencing guideline range is but one factor for the Court to consider when fashioning an appropriate sentence. Specifically, the Court must consider the advisory guidelines *as well as other factors* in arriving at a "reasonable" sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing imposed by 18 U.S.C. §3553(a)(2). Specifically, 18 § U.S.C. 3553(a) requires:

> **(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

subsection. The court, in determining the particular sentence to be imposed, shall consider–

**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;

**(2)** the need for the sentence imposed–

**(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

**(B)** to afford adequate deterrence to criminal conduct;

**(C)** to protect the public from further crimes of the defendant; and

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

**(3)** the kinds of sentences available;

**(4)** the kinds of sentence and the sentencing range established for–

**(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–

**(I)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

**(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

**(5)** any pertinent policy statement--

**(A)** issued by the Sentencing Commission pursuant to section

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

>994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
>**(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>
>**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>**(7)** the need to provide restitution to any victims of the offense.

Another statute that also impacts sentencing in the case at hand is 18 U.S.C. §3661. It requires that "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

The district court must give consideration to the guidelines in determining a sufficient sentence, but it may not presume that the guideline sentence is the correct one. *Gall v. United States,* 552 U.S. 38, 46 (2007) and *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007). In fact, the Court is free to consider whether the advisory guideline sentence itself "fails properly to reflect §3553(a) considerations" in this case, and/or whether the advisory guideline at issue exemplifies the Sentencing Commission's "exercise of its characteristic institutional role."*Rita, supra* at 2465 and *Kimbrough v. United States*, 128 S. Ct. 558, 575 (2007).

### VI. DISCUSSION

Mr. Mandujano-Rodriguez is asking this court to impose a sentence of twelve months and one day of incarceration. A sentence of twelve-months and one day is a sentence that is sufficient but not greater than necessary to accomplish the sentencing factors is 18 U.S.C. §3553. The PSR

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

documents Mr. Mandujano-Rodriguez's upbringing, noting that he was born in Mexico. DN 22 at ¶49. He completed the eighth grade, at which time he left his family's home and began working. *Id*. Mr. Mandujano-Rodriguez maintained employment as a manual laborer during his time in the United States. *Id*. Mr. Mandujano-Rodriguez currently has an immigration detainer, which all but assures he will be deported to Mexico once he completes the sentence in this case. *Id*. at page 2.

Mr. Mandujano-Rodriguez was arrested on March 18, 2025. At the time of sentencing, he will have served approximately four and a half months in custody for this offense. Defendants with the same offense and criminal history categories have received an average sentence of 22 months and a median sentence of 24 months, while 80 defendants with the same offense guideline and criminal history category have received a sentence that did not include a period of imprisonment. Upon completing his sentence, Mr. Mandujano-Rodriguez will be deported to Mexico, while his wife and children continue to reside in the United States. Mr. Mandujano-Rodriguez came to the United States in order to seek better employment opportunities than he had in Mexico, he is now going to face those diminished opportunities.

A sentence of twelve months and one day of imprisonment, is a fair and just sentence considering all of the facts and circumstances involved in this matter.

Respectfully submitted,

/s Aaron M. Dyke
Assistant Federal Defender
629 S. Fourth Street
Suite 200
Louisville, Kentucky 40202
(502) 584-0525
Counsel for Defendant

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

**CERTIFICATE**

      This is to certify that a true copy of the foregoing motion was served on the United States by electronically filing same to Mr. Mac Shannon, Esq., Assistant United States Attorney, this 16th day of July, 2025.

                                                             s/ Aaron M. Dyke

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808